IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| KENOL LUXAMA, #1248751 | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-07-160 |
| | § | |
| NATHANIEL QUARTERMAN | § | |
| DIRECTOR, TDCJ-CID | § | |

**REPORT AND RECOMMENDATION**

Before the Court is the Petition for a Writ of Habeas Corpus of Kenol Luxama, a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID") (Instrument No. 1). The Court has jurisdiction over the parties and subject matter pursuant to 28 U.S.C. §§ 2241 and 2254. Petitioner attacks the judgment and sentence entered by the 344th Judicial District Court of Chambers County, Texas in Cause Number 11937. On June 30, 2004, Petitioner was found guilty by a jury of the offense of possession of a controlled substance with the intent to deliver and was sentenced to 50 years imprisonment in the TDCJ-CID. (Fed. Writ. Pet. at 2). Petitioner's conviction was upheld on appeal on February 14, 2006. (*Id*. at 3). Petitioner filed a motion for extension of time to file a Petition for Discretionary Review ("PDR") on June 9, 2006, and the Texas Court of Criminal Appeals' ("TCCA") denied it on the same date. *Luxama v. State*, PDR No. 900-06. (Fed. Writ Pet. at 3; Pet'r Ex. E).

On July 5, 2006, Petitioner filed a state writ of habeas corpus pursuant to Article 11.07 of the Texas Code of Criminal Procedure. (Fed. Writ Pet. at 3). Petitioner alleges that he received no final decision concerning his state habeas writ and refers to Exhibit A, which he attaches to his Petition, to support his allegations. (Fed. Writ Pet., Ex. A). On November 16, 2006, Petitioner filed

a writ of mandamus with the TCCA to "compel the court to transmit or follow Art. 11.07 procedure." (Fed. Writ. Pet. at 4). The TCCA denied Petitioner's writ of mandamus without written order on January 17, 2007. (*Id.*). Petitioner then submitted this federal habeas corpus application on January 31, 2007. (*Id.* at 9).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a prisoner to exhaust his state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1). Petitioner does not appear to have complied with this requirement. Having reviewed Petitioner's Exhibit A, this Court finds that, contrary to Petitioner's allegations, it is merely an Order from the state trial court judge that requires the three named attorneys of record, who either handled Petitioner's case at trial or on appeal, to respond to Petitioner's state habeas claims that he received ineffective assistance of counsel. (Fed. Writ Pet., Ex. A). The trial court judge ordered the attorneys to prepare and file affidavits by September 30, 2006. (*Id.*). Following the submission of affidavits, it is normally the practice of state trial court judges to submit findings of fact and conclusions of law to the TCCA which then adjudicates the Article 11.07 writ of habeas corpus. Here, however, Petitioner's state habeas writ has not yet been adjudicated by the TCCA. (Fed. Writ Pet. at 3-4). Since the habeas claims raised here have not been exhausted, they are barred from consideration at this time.

Having conducted a preliminary review of the instant Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court **RECOMMENDS** the Petition for a Writ of Habeas Corpus of Kenol Luxama (Instrument No. 1) be **DISMISSED WITHOUT PREJUDICE for the failure to exhaust state remedies.**

The Clerk **SHALL** send copies of this Report and Recommendation to the Parties. The Parties **SHALL** have until **April 23, 2007**, to have written objections, filed pursuant to 28 U.S.C. § 636(b)(1)(C), **physically on file** in the Office of the Clerk. The Objections SHALL be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553. **Any Objections filed SHALL be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge"**, which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time **SHALL** bar the aggrieved party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas this \_\_\_\_\_3rd\_\_\_\_\_ day of April, 2007.

_____
John R. Froeschner
United States Magistrate Judge